Van Brunt, P. J.
In the disposition of this appeal it is, not necessary to determine the question whether the court has power to amend an undertaking on arrest when executed by only one surety.
The claim that the undertaking was executed by two, sureties because signed by one of the plaintiffs and one surety, cannot prevail. By the execution of the undertaking, the plaintiff incurred no additional responsibility. He, without having signed any undertaking at all, would be *729 liable for all damages sustained by the defendant if the order was vacated or the defendant succeeded in the action, and it is evident therefore that no additional security is offered by one of the plaintiffs becoming a party to the undertaking.
We do not think that the order should have been issued upon the affidavits presented by this record.
The allegation in the affidavit is that the money not used should be repaid upon demand, and there is no proof of any demand having been made.
It is true that the plaintiff avers that in an interview held with the defendant on December 8, 1885, he promised to pay the said, money immediately, but has failed to do so, but there is no assertion of a demand.
The plaintiff deposes positively as of his own knowledge as to the use made of the money by the defendant when he had no personal knowledge upon the subject, it subsequently appearing that whatever knowledge he had arose from conversations alleged to have contained admissions made by the defendant. What these conversations were from which the plaintiff deduces these admissions we are not informed, and there is no evidence contained in the affidavits, of anything justifying the plaintiff in claiming that the defendant had made any admission to him whatever.
An affidavit should contain the evidence from which the court can draw conclusions, and not the conclusion of the affiant drawn from evidence which is not furnished to the court.
The order appealed from should be affirmed, with ten dollars costs and disbursements.
Daniels and Bartlett, JJ., concur.